IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IVAN L. MENDEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Action No. 07-450-JJF |
| | : | |
| U.S. COURT OF APPEALS FOR THE | : | |
| FEDERAL CIRCUIT, U.S. ATTORNEY | : | |
| GENERAL, U.S. DEPARTMENT OF | : | |
| JUSTICE, U.S. SUPREME COURT, | : | |
| U.S. COURT OF FEDERAL CLAIMS, | : | |
| HUMAN RIGHTS WATCH, ACLU | : | |
| PRISON PROJECT, ALL OF THEM | : | |
| IN WASHINGTON, D.C., and | : | |
| WASHINGTON D.C. | : | |
| | : | |
| Defendants. | : | |

Ivan L. Mendez, Pro se Plaintiff, Delaware Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

September 26, 2007
Wilmington, Delaware

*Joseph J. Farnan Jr.*
Farnan, District Judge

Plaintiff Ivan L. Mendez ("Mendez"), an inmate at the Delaware Correctional Center, ("DCC"), Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds <u>pro se</u> and has filed a Motion To Proceed <u>In Forma Pauperis</u> pursuant to 28 U.S.C. § 1915. (D.I. 1.) He is a frequent filer in this District.

For the reasons discussed below, the Court will deny Plaintiff's Motion For Leave To Proceed <u>In Forma Pauperis</u> and will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

## I. BACKGROUND

Plaintiff's Complaint is difficult to understand. However, it is clear that he filed his claim pursuant to 42 U.S.C. § 1983. He alleges he has medical issues, and in 2004 and 2006 was not given pain medication when he thought it was necessary. He also alleges that the DCC would not transfer him to the correction institution of his choice. Plaintiff alleges that "Washington, D.C. knows" about the allegations. Exhibits attached to the Complaint appear to relate to Plaintiff's underlying criminal conviction.

## II. PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act ("PLRA") provides that a

prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

Plaintiff, while incarcerated, has filed more than three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, as follows: Mendez v. Delaware Corr. Ctr., C.A. No. 05-303-JJF (D. Del. Dec. 1, 2005); Mendez v. Delaware Legal Sys., C.A. No. 05-304-JJF (D. Del. Dec. 1, 2005); Mendez v. Delaware, C.A. No. 05-305-JJF (D. Del. Dec. 1, 2005); Mendez v. Delaware Psychiatric Ctr., C.A. No. 05-306-JJF (D. Del. Dec. 1, 2005). Moreover, on July 30, 2007, Plaintiff was enjoined from filing, without prior authorization of this Court, any complaint, lawsuit, or petition

for writ of mandamus, related to his underlying criminal conviction, or any other related cases, including, but not limited to actions against the states of Pennsylvania and Delaware, the District of Columbia, and This Criminal Organization. Mendez v. This Criminal Organization, C.A. No. 07-236 (July 30, 2007, D.I. 9.) Had Plaintiff filed this case fourteen days later, he would have been required to follow the requisites of the banning Order.

Because of his frivolous dismissals Plaintiff may not file another civil action in forma pauperis while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his Complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001). Plaintiff's Complaint does not meet that standard. Although Plaintiff uses the words "imminent threat of physical injury," he does so when referring to other cases where he was denied leave to proceed in forma pauperis. The allegations of the Complaint, to the extent that can be discerned, are that Plaintiff is disabled and was not given pain medication in 2004 and 2006, and that the DCC did not transfer Plaintiff to the correction institution of his choice. Hence, Plaintiff is not excused from the restrictions under § 1915(g), he may not proceed in forma pauperis and, therefore, his Motion To Proceed In Forma Pauperis will be denied. Even if the Court were to grant Plaintiff's Motion, the allegations in the

Complaint are frivolous and fail to state a claim upon which relief may be granted.

### III. STANDARD OF REVIEW

When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Section 1915A(b)(1) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function, the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., C.A. No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). However, fantastical or delusional claims that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 5, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

IV. **ANALYSIS**

Plaintiff filed his Complaint pursuant to § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who

6

caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). None of the named Defendants are state actors. For this reason alone, the Complaint must be dismissed.

Dismissal is also appropriate because, other than referring to "Washington, D.C.," the Complaint fails to apprise Defendants of their conduct which allegedly deprived Plaintiff of his constitutional rights. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). The Complaint does not allege that any of the named Defendants violated Plaintiff's constitutional rights.

Moreover, most of the defendants are not "persons" subject to claims under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Additionally, the majority of the federal Defendants are immune from suit. See United States v. Mitchell (I), 445 U.S. 535, 538 (1980) (It is well established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity.).

Finally, Plaintiff's allegations are clearly baseless and fail to establish that he has been deprived of a constitutionally

or federally protected right by any of the named Defendants. Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**V.  CONCLUSION**

Based upon the foregoing analysis, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). The Court will deny the Motion To Proceed In Forma Pauperis. An appropriate Order will be entered.